JUDGE CROTTY

'08 CIV 4425

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

EXPRESS, LLC,

                Plaintiff,

      v.

WAL-MART STORES, INC.,

                Defendant.
-------------------------------------------------------------x

Civil Action No.

**ECF**

**Demand for Jury Trial**



### COMPLAINT FOR TRADEMARK INFRINGEMENT,
### <u>UNFAIR COMPETITION AND TRADEMARK DILUTION</u>

    Plaintiff, EXPRESS, LLC, ("plaintiff" or "Express"), by its attorneys, for its complaint against defendant, WAL-MART STORES, INC. ("defendant" or "Wal-Mart"), alleges as follows:

### <u>NATURE OF ACTION</u>

    1.    Plaintiff has been using the trademark and trade name EXPRESS in connection with the marketing and manufacture of high quality apparel for more than 25 years. Plaintiff has a distinct reputation under the EXPRESS name among consumers and the apparel trade. Recently, defendant distributed a circular featuring an advertising campaign under the mark EXPRESS FOR LESS in connection with the sale of clothing. Defendant's mark incorporates plaintiff's EXPRESS trademark such that, among other violations of plaintiff's rights, consumers are likely to be confused or deceived into believing that defendant offers genuine EXPRESS branded apparel which it does not, with the same high quality, but at a lower, discounted price than plaintiff's.

2.     The primary purpose of this lawsuit is to obtain injunctive relief to stop defendant from the deliberate and intentional infringement and dilution of plaintiff's EXPRESS trademark and trade name and from engaging in acts of unfair competition. Unless defendant is enjoined from further misappropriation of plaintiff's EXPRESS trademark, trade name and goodwill associated therewith, plaintiff will suffer substantial and irreparable harm.

## THE PARTIES

3.     Plaintiff, Express, LLC ("plaintiff" or "Express"), is a Delaware limited liability company, having its principal office and place of business at One Limited Parkway, Columbus, Ohio 43230, and is doing business in the State of New York and in this judicial district.

4.     Upon information and belief, defendant, Wal-Mart Stores, Inc. ("defendant" or "Wal-Mart"), is a Delaware corporation, having its principal office and place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and is transacting business in the State of New York and in this judicial district.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over plaintiff's federal claims and the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121.  In addition, this Court has pendent jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     The Court has personal jurisdiction over defendant because defendant is qualified to do business in the State of New York, and, defendant itself,

and/or through its licensees, transacts and solicits business in the State of New York, within this judicial district.

7.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because the acts and transactions complained of out of which the claims asserted herein arise have occurred, are occurring, and unless enjoined will continue to occur in this district, and defendant is a corporation subject to personal jurisdiction in this judicial district, and therefore, resides in this district for purposes of venue.

## FACTS COMMON TO ALL COUNTS

### The EXPRESS Mark and Trade Name

8.    Express is a retailer of high quality, fashionable merchandise, including apparel, designed, developed and marketed for women and men. Since 1980, Express and its predecessors have manufactured and sold merchandise in their eponymous EXPRESS retail stores, of which there are currently over 620 located throughout the United States, including the State of New York and this judicial district. In addition, Express also owns and operates a website located on the internet at www.expressfashion.com, which advertises and promotes its merchandise to the public.

9.    Since long prior to the acts of defendant alleged herein, Express has continuously used and now is using the EXPRESS trademark as its house mark on all of its merchandise, which it sells in its EXPRESS retail stores.

10.    Express is the exclusive record owner of the trademark, service mark, and trade name EXPRESS (the "EXPRESS Mark"), which is the subject of registrations in the United States Patent and Trademark Office ("USPTO"), including the following that cover International Class 25 for clothing:

| Trademark | Reg. No. | Reg. Date |
|-----------|----------|-----------|
| EXPRESS | 1,120,073 | June 12, 1979 |
| EXPRESS | 2,290,570 | November 2, 1999 |
| EXPRESS | 2,484,122 | September 4, 2001 |

The aforesaid registrations are valid, subsisting, in full force and effect, and incontestible. Copies of the above registrations, along with their record of assignment to plaintiff, are annexed hereto and incorporated herein by reference as Exhibit A.

11.     Since its founding more than 25 years ago, plaintiff and its predecessors have sold millions of garments bearing the EXPRESS Mark amounting to sales in excess of $20 billion. In fiscal year 2007 alone, plaintiff's sales of merchandise bearing the EXPRESS Mark were in excess of $1.5 billion. As a result of such extensive sales, the public and the trade have come to identify and associate the EXPRESS Mark with plaintiff as the source or origin of said merchandise and as a means whereby said merchandise is distinguished from similar merchandise of other companies.

12.     In addition, plaintiff has expended approximately $45 million annually on the advertising and promotion of its EXPRESS merchandise, the EXPRESS Mark, and the EXPRESS trade name through various media and print outlets. One recent example is that plaintiff's EXPRESS merchandise was featured through "THE EXPRESS FASHION SHOW" in an episode of the popular television reality program, "The Bachelor," which aired on March 24, 2008, on the ABC television network and was viewed by 5.9 million people. Plaintiff has also received substantial unsolicited, widespread media attention on various other television shows such as "Access Hollywood," "Entertainment Tonight," "Extra," and "The Today Show," as well as

newspapers and national publications, such as *Glamour, InStyle, Marie Claire, People, Lucky, GQ* and *Cosmopolitan* magazines.

13.    As a result of the extensive advertising, promotion and sale of merchandise under the EXPRESS Mark, and because of the superior quality of such merchandise, the EXPRESS Mark has become a well-known and famous trademark, and has therefore acquired secondary meaning and goodwill of inestimable value.

14.    Plaintiff has also established common law rights in and to the trademark and trade name EXPRESS, which is used on and in connection with promotional materials, gift cards, and charge cards as well as internally within the business.  The trade name EXPRESS is the dominant part of various trade names used by plaintiff, and the trademark and trade name have been used in various marketing materials and media.   Due to the continuous use of the EXPRESS trade name, it has also acquired secondary meaning in the marketplace.

15.    Based on its wide promotion and extensive sales, the public, consumers, and the trade have come to recognize that products bearing the EXPRESS Mark originate with plaintiff, and the EXPRESS Mark represents a visible symbol of the quality of goods bearing the mark.

**Wal-Mart's Infringing Use of the EXPRESS Mark**

16.    Upon information and belief, defendant owns and operates over 900 Wal-Mart discount stores throughout the United States that offer general merchandise, including family apparel, electronics, jewelry, hardware, housewares, and health and beauty aids.  Defendant also operates over 2,500 Wal-Mart Supercenters

nationwide that offer both groceries and general merchandise, more than 100 Neighborhood Markets, and at least 590 Sam's Club stores.

17.     On October 22, 2007, defendant filed a trademark application for EXPRESS FOR LESS (United States Serial No. 77310309) based on an intent to use with the USPTO in International Class 35 for "[o]nline retail store services; retail store services." A copy of defendant's trademark application is annexed hereto and incorporated herein by reference as Exhibit B.

18.     Plaintiff recently learned of defendant's trademark application soon after it was published for opposition on April 1, 2008, and promptly filed for an extension of time to oppose the application with the Trademark Trial and Appeal Board ("TTAB"). On April 14, 2008, the TTAB granted the extension of time to oppose, thereby allowing plaintiff until July 30, 2008 to file a notice of opposition.

19.     In or about April 2008, defendant distributed an advertising circular that prominently featured the mark EXPRESS FOR LESS (hereinafter, the "Infringing Mark") in the foreground of a female modeling clothing on the front page, along with the tagline "Your colors. Your styles. At our unbeatable prices." The next five pages of the circular displayed colorful spreads of various tank tops, t-shirts, shorts, and other clothing merchandise, with the Infringing Mark repeated in the lower right hand corner of every other page. A copy of defendant's print advertising is annexed hereto and incorporated herein by reference as Exhibit C.

20.     Given plaintiff's federal trademark rights in the EXPRESS Mark, and the strong secondary meaning accumulated therewith, defendant's Infringing Mark literally communicates to the consumer that it, a discount retailer with an overwhelming

nationwide presence, is offering genuine EXPRESS branded apparel of the same quality, but "for less," at a lower, 'unbeatable' price than that of plaintiff. This misrepresentation is reinforced by the fact that the apparel depicted in the circular is similar to the variety of merchandise offered by plaintiff. Consequently, defendant, without authorization or license from plaintiff, has knowingly and willfully used, reproduced, and/or copied the EXPRESS Mark in connection with manufacturing, distributing, exporting, importing, selling and offering to sell clothing at the same or discounted prices of its competitors, namely, Express.

21.     Further exacerbating this misrepresentation is defendant's low price guarantee accompanying its use of the Infringing Mark that states as follows: "Our stores will match the price of any local competitor's printed ad for an identical product." (*See* Exhibit C.) This low price guarantee not only encourages consumers to submit plaintiff's promotional and advertising materials to defendant for a price-match, but it also suggests that plaintiff's merchandise bearing the EXPRESS Mark is overpriced.

22.     Defendant has advertised, offered for sale, sold and distributed clothing under its Infringing Mark and advertising campaign in interstate, intrastate, including in the State of New York and in this judicial district.

23.     Defendant's use of a mark that infringes upon the EXPRESS Mark on or in connection with the manufacturing, advertising, offering for sale, sale, and distribution of clothing is likely to dilute the distinctive quality of the EXPRESS Mark and/or cause confusion, or to cause mistake or deceive.

24.    Defendant is not authorized by plaintiff to manufacture, advertise, distribute, sell or offer to sell clothing in connection with the Infringing Mark or otherwise use the EXPRESS Mark.

25.    All of the foregoing acts and conduct of defendant have damaged plaintiff and will, unless restrained, further impair, if not destroy, the value of plaintiff's EXPRESS Mark and the goodwill associated therewith, and plaintiff has no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement – 15 U.S.C. § 1114

26.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 25, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

27.    Without plaintiff's authorization or consent, and having knowledge of plaintiff's well-known and prior rights in the EXPRESS Mark, and the fact that defendant's Infringing Mark is confusingly similar to the EXPRESS Mark, defendant has distributed, offered for sale and/or sold clothing to the consuming public in or affecting interstate commerce in a manner that is likely to cause confusion, mistake, or deception as to the quality and true source or sponsorship of defendant's goods and services.

28.    Defendant's Infringing Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the clothing, and is likely to deceive the public in to believing that the clothing it distributes, offers for sale, and sells originate from, are associated with/or are otherwise

authorized by plaintiff, all to the damage and detriment of plaintiff's reputation and goodwill.

29.    The foregoing actions of defendant constitute infringement of the EXPRESS Mark in violation of its rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

30.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 29, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

31.    The unauthorized use of plaintiff's EXPRESS Mark by defendant in interstate commerce not only misrepresents and falsely describes to the general public that the quality, origin and source of the clothing advertised, distributed, offered for sale, and sold in connection with its Infringing Mark are the same as plaintiff's clothing bearing the EXPRESS Mark, but that defendant offers the same high quality clothing at a lower price than plaintiff.

32.    Defendant's unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, and offering for sale and/or selling of clothing under its Infringing Mark creates express and implied misrepresentations that falsely imply plaintiff's authorization or approval of such misappropriation, all to defendant's profit and plaintiff's damage.

33.    Defendant's false, misleading and infringing activities are likely to cause confusion among the general public as to the origin or sponsorship of the clothing offered for sale, distributed, and/or sold under the Infringing Mark.

34.    Defendant's wrongful actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

## Federal Trademark Dilution – 15 U.S.C. § 1125(c)

35.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 34, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

36.    Plaintiff's EXPRESS Mark is famous and well known throughout the United States within the meaning of 15 U.S.C. § 1125(c), and has been used nationally for more than 25 years.

37.    Plaintiff's EXPRESS Mark has been famous prior to defendant's conduct as alleged herein.

38.    Defendant's above-described unlawful and infringing activities have caused or are likely to cause dilution of the distinctive quality of the famous EXPRESS Mark in violation of plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV

### New York Trademark Dilution – New York General Business Law § 360(l)

39.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

40.    Defendant's acts have caused damage to plaintiff by tarnishing plaintiff's valuable reputation and diluting or blurring the distinctiveness of plaintiff's EXPRESS Mark in violation of New York General Business Law § 360(l), and will continue to tarnish and destroy the value of plaintiff's EXPRESS Mark unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT V

### New York Common Law Trademark Infringement

41.    Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 46, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

42.    Plaintiff has built up valuable goodwill in the EXPRESS Mark, and the public has come to associate the EXPRESS Mark with plaintiff's products, as a symbol of its reputation for quality.

43.    Defendant has unlawfully used a mark that is confusingly similar to the EXPRESS Mark, and such use constitutes trademark infringement in violation of the common law of New York.

44.    Defendant's activities are designed with the intent to mislead and/or deceive the trade and public into believing that the clothing offered for sale under the

Infringing Mark is genuine EXPRESS branded apparel offered by defendant at a lower price than plaintiff's, or that defendant's clothing is affiliated with, authorized, endorsed, sponsored and/or sanctioned by plaintiff or is connected or associated in some way with plaintiff, which it are not. Such acts have caused and continue to cause confusion as to the source and/or sponsorship of the clothing offered for sale under defendant's Infringing Mark.

45. The acts and conduct of defendant complained of herein have damaged plaintiff and will, unless enjoined, further impair, if not destroy, the value of the EXPRESS Mark and the goodwill associated therewith.

46. Defendant has engaged and continues to engage in this activity knowingly and willfully.

47. Defendant's acts of common law trademark infringement and unfair competition, unless enjoined by this Court, will continue to cause plaintiff to sustain irreparable damage, loss and injury for which plaintiff has no adequate remedy at law.

**COUNT VI**

**New York Common Law Unfair Competition**

48. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 53, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

49. Plaintiff, by virtue of its prior adoption and use in interstate commerce of the EXPRESS Mark in this judicial district and elsewhere, has acquired, established, and owns common law trademark and service mark rights in the EXPRESS Mark, which serve to identify to the public certain goods and services that are offered

only by plaintiff and the goods and services offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with plaintiff.

50.    Defendant has intentionally and unlawfully copied and used the EXPRESS Mark, without authorization, for the calculated purpose of passing off its goods and services as those of plaintiff, of trading upon the significant goodwill and reputation of plaintiff, and of deceiving the public as to the true nature and characteristics of defendant's products, and falsely suggest a connection with plaintiff, all to defendant's profit and to the damage and detriment of plaintiff.

51.    Defendant's past and continued use of the EXPRESS Mark constitutes copying and imitation of the EXPRESS Mark, falsely designates the origin of defendant's clothing, and is likely to cause consumer confusion, mistake or deception.

52.    Defendant's conduct constitutes unfair competition under the common law of the State of New York.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

A.    That defendant, its officers, agents, servants, employees and attorneys, and all those acting in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from the following activities:

(i)    Using in any manner the marks that infringe upon plaintiff's EXPRESS Mark, as to be likely to cause confusion, deception, or mistake on or in connection with the

manufacturing, advertising, distributing, offering for sale, or selling of any product not plaintiff's or not authorized by plaintiff to be sold in connection with any goods of plaintiff;

(ii)   Passing off, inducing, or enabling others to sell or pass off any product as and for products produced by plaintiff, that are not plaintiff's or not produced under the control and supervision of plaintiff and approved by plaintiff for sale under the EXPRESS Mark;

(iii)  Producing, buying, selling, transferring, using or handling labels or other markings referring or relating in any way to plaintiff or its marks;

(iv)   Infringing plaintiff's EXPRESS Mark on or in connection with the advertising, offering for sale, or sale of any goods or services;

(v)    Representing, suggesting or committing any acts calculated to cause purchasers to believe that the merchandise sold in connection with the Infringing Mark are under the control and supervision of plaintiff or sponsored or approved by, or connected with or guaranteed by, or produced under the control and supervision of plaintiff by plaintiff or that defendant has any relationship whatsoever, whether direct or indirect with plaintiff;

(vi)   Otherwise competing unfairly with plaintiff;

(vii)   Further diluting and infringing plaintiff's famous EXPRESS

Mark and damaging plaintiff's goodwill; and

(viii)   Engaging in deceptive trade practices;

B.      That defendant be ordered pursuant to 15 U.S.C. § 1116(a) to file

with the Court and serve upon plaintiff, within thirty (30) days of the entry of the

injunction prayed for herein, a report in writing under oath setting forth in detail the form

and manner in which it has complied with the permanent injunction;

C.      That defendant be required, pursuant to 15 U.S.C. § 1117, to

account to plaintiff for any and all profits derived by defendant, and for all damages

sustained by plaintiff by reason of defendant's acts complained of herein and that the

amount of damages for infringement of plaintiff's EXPRESS Mark be increased by a

sum not exceeding three times the amount thereof as provided by law;

D.      That defendant be ordered to expressly abandon its trademark

application (United States Serial No. 77310309) for the Infringing Mark;

E.      That defendant be ordered to pay plaintiff punitive damages in a

sum to determined at trial on the basis of deliberate and intentional infringement, unfair

competition, dilution and fraud;

F.      That, pursuant to 15 U.S.C. § 1117, plaintiff has and recover from

defendant all of plaintiff's reasonable attorneys' fees, costs and disbursements of this

civil action; and

G.      That plaintiff has such other and further relief as the Court may

deem just and proper.

Dated:      May 12, 2008
            New York, New York

                                    **COLUCCI & UMANS**

                                    By *Frank J. Colucci*
                                    Frank J. Colucci (FC 8441)
                                    David M. Dahan (DD 5864)
                                    Michael J. Pampalone, III (MP 1474)
                                    218 East 50th Street
                                    New York, NY 10022
                                    212-935-5700
                                    212-935-5728 Fax
                                    email@colucci-umans.com

                                    *Attorneys for Plaintiff*

## Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff,

Express, LLC hereby demands a jury trial on all triable issues raised by this Complaint.


Dated:        May 12, 2008
              New York, New York

                                        **COLUCCI & UMANS**

                                        By _Frank J Colucci_
                                          Frank J. Colucci (FC 8441)
                                          David M. Dahan (DD 5864)
                                          Michael J. Pampalone, III (MP 1474)
                                          218 East 50th Street
                                          New York, NY 10022
                                          212-935-5700
                                          212-935-5728 Fax
                                          email@colucci-umans.com

                                        *Attorneys for Plaintiff*

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,120,073
Registered June 12, 1979

## TRADEMARK
### Principal Register

## EXPRESS

The May Department Stores Company (New York corporation)
6th and Olive Sts.
St. Louis, Mo.  63101

For: SWEATERS, KNIT TOPS, BLOUSES, PANTS, SPORT JACKETS, SHIRTS, AND SKIRTS, in CLASS 25 (U.S. CL. 39).

First use at least as early as Feb. 22, 1972; in commerce at least as early as Feb. 22, 1972.

Ser. No. 138,519, filed Aug. 22, 1977.

JOHN C. DEMOS, Supervisory Examiner

M. MERCHANT, Examiner



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

Serial #: 73138519    Filing Dt: 08/22/1977    Reg #: 1120073    Reg. Dt: 06/12/1979

Registrant: MAY DEPARTMENT STORES COMPANY, THE

Mark: EXPRESS

## Assignment: 1

Reel/Frame: 0597/0038    Received:    Recorded: 03/28/1988    Pages: 1

Conveyance: ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

Assignor: MAY DEPARTMENT STORES COMPANY, THE

Exec Dt: 03/16/1988
Entity Type: CORPORATION
Citizenship: NEW YORK

Assignee: EXPRESSCO, INC.
SUITE 102
1409 FOULK ROAD
WILMINGTON, DELAWARE 19803

Entity Type: CORPORATION
Citizenship: DELAWARE

Correspondent: FRANK J. COLUCCI, P.C.
101 EAST 52ND STREET
NEW YORK, NY 10022

## Assignment: 2

Reel/Frame: 3551/0179    Received: 05/30/2007    Recorded: 05/30/2007    Pages: 4

Conveyance: MERGER

Assignor: EXPRESSCO, INC.

Exec Dt: 05/11/2007
Entity Type: CORPORATION
Citizenship: DELAWARE

Assignee: EXPRESS, LLC
ONE LIMITED PARKWAY
COLUMBUS, OHIO 43230

Entity Type: LIMITED LIABILITY COMPANY
Citizenship: DELAWARE

Correspondent: EXPRESS, LLC
ONE LIMITED PARKWAY
COLUMBUS, OH 43230

## Assignment: 3

Reel/Frame: 3587/0342    Received: 07/24/2007    Recorded: 07/24/2007    Pages: 37

Conveyance: SECURITY INTEREST

Assignors: EXPRESS, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

EXPRESS HOLDING, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

EXPRESS GC, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

RETAIL FACTORING, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

Assignee: MORGAN STANLEY & CO. INCORPORATED
ONE PIERREPONT PLAZA, 7TH FLOOR, 300 CADMAN PLAZA WEST
ATTN: ERMA DEL'AQUILA
BROOKLYN, NEW YORK 11201

Entity Type: CORPORATION
Citizenship: NONE

Correspondent: LUCIA GUH-SIESEL
SHEARMAN & STERLING LLP
1080 MARSH RD.
MENLO PARK, CA 94025

## Assignment: 4

Reel/Frame: 3587/0379        Received: 07/24/2007            Recorded: 07/24/2007            Pages: 37

Conveyance: SECURITY INTEREST

Assignors: EXPRESS, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

EXPRESS HOLDING, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

EXPRESS GC, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

RETAIL FACTORING, LLC

Exec Dt: 07/06/2007
Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

Assignee: WELLS FARGO RETAIL FINANCE, LLC
ONE BOSTON PLACE, 18TH FLOOR
ATTN: FELICIA TYLER
BOSTON, MASSACHUSETTS 02108

Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

Correspondent: LUCIA GUH-SIESEL
SHEARMAN & STERLING LLP
1080 MARSH RD.
MENLO PARK, CA 94025

Search Results as of: 04/28/2008 07:53 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

http://assignments.uspto.gov/assignments/q?db=tm&qt=sno&reel=&frame=&sno=73138519        4/28/2008

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,290,570

Registered Nov. 2, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## EXPRESS

EXPRESSCO, INC. (DELAWARE CORPORA-
TION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

FOR: SHORTS, TANK TOPS AND T-SHIRTS,
IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST    USE    2–2–1998;    IN    COMMERCE
2–2–1998.
OWNER OF U.S. REG. NO. 1,120,073.

SN 75–449,351, FILED 3–12–1998.

LESLEY LAMOTHE, EXAMINING ATTORNEY

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 3**
 Serial #: 75449351    Filing Dt: 03/12/1998    Reg #: 2290570    Reg. Dt: 11/02/1999
 Registrant: Expressco, Inc.
 Mark: EXPRESS

**Assignment: 1**
 Reel/Frame: 3551/0178    Received: 05/30/2007    Recorded: 05/30/2007    Pages: 4
 Conveyance: MERGER
 Assignor: EXPRESSCO, INC.    Exec Dt: 05/11/2007
 Entity Type: CORPORATION
 Citizenship: DELAWARE

 Assignee: EXPRESS, LLC    Entity Type: LIMITED LIABILITY COMPANY
 ONE LIMITED PARKWAY    Citizenship: DELAWARE
 COLUMBUS, OHIO 43230
 Correspondent: EXPRESS, LLC
 ONE LIMITED PARKWAY
 COLUMBUS, OH 43230

**Assignment: 2**
 Reel/Frame: 3587/0342    Received: 07/24/2007    Recorded: 07/24/2007    Pages: 37
 Conveyance: SECURITY INTEREST
 Assignors: EXPRESS, LLC    Exec Dt: 07/06/2007
 Entity Type: LIMITED LIABILITY COMPANY
 Citizenship: NONE

 EXPRESS HOLDING, LLC    Exec Dt: 07/06/2007
 Entity Type: LIMITED LIABILITY COMPANY
 Citizenship: NONE

 EXPRESS GC, LLC    Exec Dt: 07/06/2007
 Entity Type: LIMITED LIABILITY COMPANY
 Citizenship: NONE

 RETAIL FACTORING, LLC    Exec Dt: 07/06/2007
 Entity Type: LIMITED LIABILITY COMPANY
 Citizenship: NONE

 Assignee: MORGAN STANLEY & CO. INCORPORATED    Entity Type: CORPORATION
 ONE PIERREPONT PLAZA, 7TH FLOOR, 300 CADMAN PLAZA WEST    Citizenship: NONE
 ATTN: ERMA DEL'AQUILA
 BROOKLYN, NEW YORK 11201
 Correspondent: LUCIA GUH-SIESEL
 SHEARMAN & STERLING LLP
 1080 MARSH RD.
 MENLO PARK, CA 94025

**Assignment: 3**
 Reel/Frame: 3587/0329    Received: 07/24/2007    Recorded: 07/24/2007    Pages: 37
 Conveyance: SECURITY INTEREST
 Assignors: EXPRESS, LLC    Exec Dt: 07/06/2007
 Entity Type: LIMITED LIABILITY COMPANY

EXPRESS HOLDING, LLC

      Citizenship: NONE
          Exec Dt: 07/06/2007
      Entity Type: LIMITED LIABILITY COMPANY
      Citizenship: NONE

EXPRESS GC, LLC

          Exec Dt: 07/06/2007
      Entity Type: LIMITED LIABILITY COMPANY
      Citizenship: NONE

RETAIL FACTORING, LLC

          Exec Dt: 07/06/2007
      Entity Type: LIMITED LIABILITY COMPANY
      Citizenship: NONE

**Assignee:** WELLS FARGO RETAIL FINANCE, LLC
      ONE BOSTON PLACE, 18TH FLOOR
      ATTN: FELICIA TYLER
      BOSTON, MASSACHUSETTS 02108

      Entity Type: LIMITED LIABILITY COMPANY
      Citizenship: NONE

**Correspondent:** LUCIA GUH-SIESEL
      SHEARMAN & STERLING LLP
      1080 MARSH RD.
      MENLO PARK, CA 94025

Search Results as of: 04/28/2008 07:57 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT



Int. Cls.: 9, 14, 18, 25 and 26

Prior U.S. Cls.: 1, 2, 3, 21, 22, 23, 26, 27, 28, 36, 37, 38, 39, 40, 41, 42 and 50

**United States Patent and Trademark Office**

Reg. No. 2,484,122
Registered Sep. 4, 2001

## TRADEMARK
## PRINCIPAL REGISTER

## EXPRESS

EXPRESSCO, INC. (DELAWARE CORPORA-
TION)
1105 NORTH MARKET STREET
WILMINGTON, DE 19801

   FOR: SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

   FIRST USE 7-0-1997; IN COMMERCE 7-0-1997.

   FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

   FIRST USE 5-0-1996; IN COMMERCE 5-0-1996.

   FOR: PURSES AND HANDBAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

   FIRST USE 5-0-1997; IN COMMERCE 5-0-1997.

   FOR: HOSIERY, TIGHTS AND SOCKS, IN CLASS 25 (U.S. CLS. 22 AND 39).

   FIRST USE 5-0-1997; IN COMMERCE 5-0-1997.

   FOR: HAIR CLIPS, IN CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).

   FIRST USE 12-0-1997; IN COMMERCE 12-0-1997.

   OWNER OF U.S. REG. NOS. 1,120,073, 2,102,188 AND OTHERS.

   SER. NO. 75-449,593, FILED 3-13-1998.

LORETTA C. BECK, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | e-Business | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 3**

    Serial #: 75449593      Filing Dt: 03/13/1998     Reg #: 2484122     Reg. Dt: 09/04/2001

   Registrant: Expressco, Inc.

       Mark: EXPRESS

**Assignment: 1**

  Reel/Frame: 3551/0178     Received: 05/30/2007     Recorded: 05/30/2007     Pages: 4

  Conveyance: MERGER

    Assignor: EXPRESSCO, INC.                       Exec Dt: 05/11/2007

                                       Entity Type: CORPORATION

                                       Citizenship: DELAWARE

    Assignee: EXPRESS, LLC                        Entity Type: LIMITED LIABILITY COMPANY

          ONE LIMITED PARKWAY                   Citizenship: DELAWARE

          COLUMBUS, OHIO 43230

 Correspondent: EXPRESS, LLC

          ONE LIMITED PARKWAY

          COLUMBUS, OH 43230

**Assignment: 2**

  Reel/Frame: 3587/0342     Received: 07/24/2007     Recorded: 07/24/2007     Pages: 37

  Conveyance: SECURITY INTEREST

   Assignors: EXPRESS, LLC                         Exec Dt: 07/06/2007

                                         Entity Type: LIMITED LIABILITY COMPANY

                                       Citizenship: NONE

          EXPRESS HOLDING, LLC                  Exec Dt: 07/06/2007

                                         Entity Type: LIMITED LIABILITY COMPANY

                                         Citizenship: NONE

          EXPRESS GC, LLC                         Exec Dt: 07/06/2007

                                         Entity Type: LIMITED LIABILITY COMPANY

                                       Citizenship: NONE

          RETAIL FACTORING, LLC                 Exec Dt: 07/06/2007

                                         Entity Type: LIMITED LIABILITY COMPANY

                                       Citizenship: NONE

    Assignee: MORGAN STANLEY & CO. INCORPORATED        Entity Type: CORPORATION

          ONE PIERREPONT PLAZA, 7TH FLOOR, 300 CADMAN PLAZA WEST   Citizenship: NONE

          ATTN: ERMA DEL'AQUILA

          BROOKLYN, NEW YORK 11201

 Correspondent: LUCIA GUH-SIESEL

          SHEARMAN & STERLING LLP

          1080 MARSH RD.

          MENLO PARK, CA 94025

**Assignment: 3**

  Reel/Frame: 3587/0379     Received: 07/24/2007     Recorded: 07/24/2007     Pages: 37

  Conveyance: SECURITY INTEREST

   Assignors: EXPRESS, LLC                         Exec Dt: 07/06/2007

                                         Entity Type: LIMITED LIABILITY COMPANY

| | |
|---|---|
| EXPRESS HOLDING, LLC | Citizenship: NONE |
| | Exec Dt: 07/06/2007 |
| | Entity Type: LIMITED LIABILITY COMPANY |
| EXPRESS GC, LLC | Citizenship: NONE |
| | Exec Dt: 07/06/2007 |
| | Entity Type: LIMITED LIABILITY COMPANY |
| | Citizenship: NONE |
| RETAIL FACTORING, LLC | Exec Dt: 07/06/2007 |
| | Entity Type: LIMITED LIABILITY COMPANY |
| | Citizenship: NONE |

**Assignee:** WELLS FARGO RETAIL FINANCE, LLC
ONE BOSTON PLACE, 18TH FLOOR
ATTN: FELICIA TYLER
BOSTON, MASSACHUSETTS 02108

Entity Type: LIMITED LIABILITY COMPANY
Citizenship: NONE

**Correspondent:** LUCIA GUH-SIESEL
SHEARMAN & STERLING LLP
1080 MARSH RD.
MENLO PARK, CA 94025

Search Results as of: 04/28/2008 07:53 PM

If you have any comments or questions concerning the data displayed, contact PRO / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT B

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77310309**
**Filing Date: 10/22/2007**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77310309 |
| **MARK INFORMATION** | |
| *MARK | EXPRESS FOR LESS |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | EXPRESS FOR LESS |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Wal-Mart Stores, Inc. |
| *STREET | 702 S.W. 8th St. |
| *CITY | Bentonville |
| *STATE (Required for U.S. applicants) | Arkansas |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 72716-0520 |
| PHONE | 479-273-4505 |
| FAX | 479-277-5889 |
| EMAIL ADDRESS | ustm@walmartlegal.com |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | CORPORATION |
| STATE/COUNTRY OF INCORPORATION | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 035 |
| *DESCRIPTION | Online retail store services; retail store services |
| FILING BASIS | SECTION 1(b) |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Colette Durst-Barkey |
| FIRM NAME | Wal-Mart Stores, Inc. |
| STREET | 702 S.W. 8th St. |
| CITY | Bentonville |
| STATE | Arkansas |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 72716-0520 |
| PHONE | 479-273-4505 |
| FAX | 479-277-5889 |
| EMAIL ADDRESS | ustm@walmartlegal.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | Colette Durst-Barkey |
| FIRM NAME | Wal-Mart Stores, Inc. |
| STREET | 702 S.W. 8th St. |
| CITY | Bentonville |
| STATE | Arkansas |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 72716-0520 |
| PHONE | 479-273-4505 |
| FAX | 479-277-5889 |
| EMAIL ADDRESS | ustm@walmartlegal.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |
| TOTAL FEE PAID | 325 |

## SIGNATURE INFORMATION

| | |
|---|---|
| SIGNATURE | /cdb/ |
| SIGNATORY'S NAME | Colette Durst-Barkey |

| SIGNATORY'S POSITION | Assistant General Counsel, Information Systems & Intellectual Property Division |
|---|---|
| DATE SIGNED | 10/22/2007 |

## Trademark/Service Mark Application, Principal Register

Serial Number: 77310309
Filing Date: 10/22/2007

## To the Commissioner for Trademarks:

MARK: EXPRESS FOR LESS (Standard Characters, see mark)
The literal element of the mark consists of EXPRESS FOR LESS.
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The applicant, Wal-Mart Stores, Inc., a corporation of Delaware, having an address of 702 S.W. 8th St., Bentonville, Arkansas, United States, 72716-0520, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.
    International Class 035:  Online retail store services; retail store services
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).
The applicant hereby appoints Colette Durst-Barkey of Wal-Mart Stores, Inc., 702 S.W. 8th St., Bentonville, Arkansas, United States, 72716-0520 to submit this application on behalf of the applicant.
Correspondence Information:          Colette Durst-Barkey
                                     702 S.W. 8th St.
                                     Bentonville, Arkansas 72716-0520
                                     479-273-4505(phone)
                                     479-277-5889(fax)
                                     ustm@walmartlegal.com (authorized)
A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).
                                     **Declaration**
The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.
Signature: /cdb/  Date Signed: 10/22/2007
Signatory's Name: Colette Durst-Barkey
Signatory's Position: Assistant General Counsel, Information Systems & Intellectual Property Division
RAM Sale Number: 3045
RAM Accounting Date: 10/23/2007
Serial Number: 77310309
Internet Transmission Date: Mon Oct 22 18:24:50 EDT 2007
TEAS Stamp: USPTO/BAS-161.165.196.84-200710221824509
46180-77310309-400230f0955bb8b75bc811532
c5a5bee3-CC-3045-20071022174147720927

# EXPRESS FOR LESS

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2008-04-29 12:51:49 ET

Serial Number: 77310309 Assignment Information        Trademark Document Retrieval

Registration Number: (NOT AVAILABLE)

Mark

# EXPRESS FOR LESS

(words only): EXPRESS FOR LESS

Standard Character claim: Yes

Current Status: A request for an extension of time to file an opposition has been filed at the Trademark Trial and Appeal Board.

Date of Status: 2008-04-14

Filing Date: 2007-10-22

Transformed into a National Application: No

Registration Date: (DATE NOT AVAILABLE)

Register: Principal

Law Office Assigned: LAW OFFICE 110

Attorney Assigned:
CASTRO GIANCARLO

Current Location: 650 -Publication And Issue Section

Date In Location: 2008-02-26

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Wal-Mart Stores, Inc.

Address:
Wal-Mart Stores, Inc.

702 S.W. 8th St.
Bentonville, AR 727160520
United States

**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware
**Phone Number:** 479-273-4505
**Fax Number:** 479-277-5889

---

## GOODS AND/OR SERVICES

**International Class:** 035
**Class Status:** Active
Online retail store services; retail store services
**Basis:** 1(b)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-04-14 - Extension Of Time To Oppose Received

2008-04-01 - Published for opposition

2008-03-12 - Notice of publication

2008-02-26 - Law Office Publication Review Completed

2008-02-26 - Assigned To LIE

2008-01-28 - Approved for Pub - Principal Register (Initial exam)

2008-01-26 - Assigned To Examiner

2007-10-25 - New Application Entered In Tram

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Colette Durst-Barkey

**Correspondent**
COLETTE DURST-BARKEY
WAL-MART STORES, INC.
702 S.W. 8TH ST.
BENTONVILLE, AR 72716-0520
Phone Number: 479-273-4505
Fax Number: 479-277-5889

# EXHIBIT C





**Printed Tees or Tanks**
Sizes S–XXL
6⁸⁸ each

# Express yourself. Playfully.

Create a style all your own. For less.



**No Boundaries® Denim Shorts**
Assorted washes. Sizes 1–19.
14⁸² each

**WAL★MART**



**No Boundaries® Fashion Polo Shirt**
Stripes. Solids. You're sure to find
several you love. Sizes S–XL.
7⁹⁸ each

**No Boundaries® Racerback Babydoll**
Assorted prints. Sizes S–XL.
8⁹⁸ each

**Printed Bermudas**
Assorted colors. Sizes S–XXL.
9⁹⁸ each

Express **for less.**
Brands • Colors • Beauty • Tech



No Boundaries® Skinny Tees
Assorted colors. Sizes XS–XL.
$5 each

Express you

Mix and match. Let

Faded Glory® Short-Sleeve Crew Neck Tee
Assorted colors. Sizes S–XL.
Was 5.88.
$4 each

No Boundaries® Color Denim Shorts
Assorted colors. Sizes 1–19.
12⁰⁰ each

Fash
Asso
Size
7⁰⁰

**WAL★MART**





**Faded Glory® Printed Tanks**
Sizes S–XL.
6⁹⁸ each

**No Boundaries® Skinny Tanks**
Long, lean fit.
Sizes XS–XL.
4⁹⁸ each

# self. Colorfully.



ur layers do the talking.





**Knit Shorts**
prints, stripes, colors.
XL.

**No Boundaries® Bermuda Shorts**
Solids. Patterns. Mix and match. Sizes 3–19.
9⁹⁸ each


Express **for less.**
Brands • Colors • Beauty • and

# Express yourself. Beautifully.

Show yourself in living color. For less.

new

**L'ORÉAL**
PARIS

**L'Oréal® HIP Color Truth Cream Eyeliner**
• Cream formula goes on smoothly without skipping
• Includes brush
• .16 oz.

10⁹⁸ each

Create your own rhinestone designs.

**L'ORÉAL**
PARIS

**L'Oréal® Infallible Never Fail Lipcolor – Bling**
• Color lasts up to 16 hours
• Vitamin E in base coat, collagen in top coat
• .161 oz. total
• **Bonus:** rhinestone bling

9⁹⁷ each

**L'ORÉAL**
PARIS

**L'Oréal® HIP Shadow**
• Loose powder with silky coverage
• Includes brush
• .05 oz.

10⁹⁸ each



## WAL★MART



MAX FACTOR

**Max Factor® Vivid Impact Mascara** or
**Eye Shadow Duo**
- Dramatize your eyes with a wink of color to light up your lashes and brows
- Mascara with highlighting topcoat, .34 oz. Or 2 eyeshadows in 1 wand, .36 oz. Was 7.98.

6⁹⁸ each



# REVLON

**Revlon® Limited Edition**
**Floral Affair Blush**
- 3 harmonious shades of sheer cheek color
- Swirl together or apply individually
- Soft, smooth powder blush (.28 oz) creates luminous color that blooms on cheeks

9⁹⁷ each



*Nicôle*
by O·P·I



**Nicôle™ by O·P·I**
**Nail Lacquer**
- Trend-setting shades with incredible shine
- Fast-drying, long-wearing
- Contains no DBP, toluene, or formaldehyde
- .5 oz

6⁶⁴ each



Express **for less.**
Brands · Colors · Beauty · Tools



Sony Ericsson W580i
Walkman® Wireless Phone
Listen to music and take
pictures on the go. With a
built-in FM radio, MP3 player,
and 2MP digital camera. It's
got everything you need.
**At no cost to you.***



**Sanyo® 7.1MP
Digital Camera**
• 3x optical zoom
• 2.5" LCD display
99⁹⁵ each

# Express yourself. Digitally.
## Top names. Cool colors. We've got it all — for less.



**Samsung® A737
Wireless Phone**
Snap a picture on the go.
It's got a built-in 1.3MP
digital camera. Cellular
video and streaming audio
capable. Email. Internet.
And send text messages.
**At no cost to you.***



● Authorized Reseller

**iPod® shuffle 1GB**
In assorted colors.
Music for you — on the go.
Was 78.72.
48⁷² each

*With a new activation of a 2 year service plan. Other fees, charges, or restrictions
may apply. Brands, models, and services may vary by store.



**Express for less.**
Brands • Colors • Beauty • Tech

WAL-MART'S ADVERTISED MERCHANDISE POLICY — We intend to have every advertised item in stock. However, we may not offer some items in all locations and quantity or availability may vary due to unexpected demand or other circumstances beyond our control. If an advertised item is out-of-stock at your Wal-Mart, upon your request, we will issue you a Rain Check so that you can purchase the item at the advertised price when it becomes available. In addition, we may offer to sell you a similar item at the advertised price or a comparable price reduction. "While Supplies Last" items, items identified as being available in limited quantities, and items that are not carried at your Wal-Mart do not qualify for Rain Checks or offers of substitute items. "WHILE SUPPLIES LAST" items are items that we carry at a special price for a limited time or that we offer until every Day Low Price. In all cases, we reserve the right to limit quantities to normal retail purchases or one-per-customer or household, and to exclude dealers. Our "ROLLBACK" means that the advertised price is even lower than the pre-Wal-Mart offered Every Day Low Price. Offers and items are non-transferable. Offers and items/areas valid where prohibited by law. We apologize for, but will not be bound by, any errors in our advertising service. Our advertising circular may vary by geographic region, and any particular regional circular will apply only to stores in that region. ©2008 Wal-Mart Stores, Inc. Bentonville, AR. Printed in the USA.



WAL★MART
Save money. Live better.

**Event Dates: Sun., April 13 through Sat., April 19, 2008.** Prices and items available only in
the USA (may vary in Alaska, Hawaii, Oklahoma, Utah, Wisconsin, or online at Walmart.com).
For the store location nearest you, please call 1-800-881-9180 or check online at Walmart.com.


Apply in-store today at any
register or apply online at
Walmart.com/credit

R24-1 Printed by Quebecor World Oberlin OH