UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXPRESS, LLC,  <br><br>       Plaintiff,  <br><br>  v.  <br><br>WAL-MART STORES, INC.,  <br><br>       Defendant. | Civil Action No. 08-4425 (PAC) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WAL-MART STORES, INC.

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby submits the following Answer to the Complaint filed by Plaintiff Express, LLC ("Express"). Wal-Mart denies each and every allegation in the Complaint not specifically admitted herein. Responding specifically to the numbered allegations contained in the Complaint, Wal-Mart states the following:

1.    Wal-Mart admits that it distributed a circular in April 2008, which included advertising for branded apparel, electronics, and beauty products containing both the distinctive WAL-MART mark and the following phrases: (i) "Express for less"; (ii) "Express yourself. Beautifully."; (iii) "Express yourself. Colorfully."; and (iv) "Express yourself. Digitally." Wal-Mart specifically denies that its use of the expression "Express for less" is likely to cause confusion with consumers. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations concerning Express's business and reputation, and on that basis denies them.

2.    Wal-Mart acknowledges that the Complaint purports to be an action for injunctive relief under the Lanham Act, the Federal Trademark Dilution Act, and statutory and common law, but denies that Express is entitled to any relief.

## THE PARTIES

3. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3.

4. Wal-Mart admits the allegations regarding Wal-Mart's principal place of business and state of incorporation. Wal-Mart admits that it operates a retail store within this judicial district.

## JURISDICTION AND VENUE

5. Wal-Mart admits that this Court has federal question jurisdiction and pendant jurisdiction in this case, but denies the claims themselves.

6. Wal-Mart admits that this Court has personal jurisdiction over Wal-Mart, but denies the claims themselves. Wal-Mart denies the remaining allegations in Paragraph 6.

7. Wal-Mart admits that venue is proper in this district, but denies the claims themselves. Wal-Mart denies the remaining allegations in Paragraph 7.

## RESPONSE TO ALLEGED FACTS COMMON TO ALL COUNTS

8. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies them.

14. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16. Wal-Mart admits the allegations in Paragraph 16.

17. Wal-Mart admits the allegations in Paragraph 17.

18. Wal-Mart admits that the United States Patent & Trademark Office's Trademark Trial and Appeal Board granted an extension of time to oppose Wal-Mart's trademark application for EXPRESS FOR LESS until July 30, 2008. Wal-Mart lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies them.

19. Wal-Mart admits that the April 2008 advertising circular uses the phrase "Express for less." The April 2008 advertising circular speaks for itself. To the extent there are any other factual allegations in Paragraph 19, Wal-Mart denies the allegations.

20. Wal-Mart denies the allegations in Paragraph 20.

21. Wal-Mart denies the allegations in Paragraph 21.

22. Wal-Mart denies the allegations in Paragraph 22.

23. Wal-Mart denies the allegations in Paragraph 23.

24. Wal-Mart denies the allegations in Paragraph 24.

25. Wal-Mart denies the allegations in Paragraph 25.

### RESPONSE TO COUNT I

26. Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 25 as stated above.

27. Wal-Mart denies the allegations in Paragraph 27.

28. Wal-Mart denies the allegations in Paragraph 28.

29. Wal-Mart denies the allegations in Paragraph 29.

### RESPONSE TO COUNT II

30. Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 29 as stated above.

31. Wal-Mart denies the allegations in Paragraph 31.

32. Wal-Mart denies the allegations in Paragraph 32.

33. Wal-Mart denies the allegations in Paragraph 33.

34. Wal-Mart denies the allegations in Paragraph 34.

### RESPONSE TO COUNT III

35. Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 34 as stated above.

36. Wal-Mart denies the allegations in Paragraph 36.

37. Wal-Mart denies the allegations in Paragraph 37.

38. Wal-Mart denies the allegations in Paragraph 38.

### RESPONSE TO COUNT IV

39. Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 38 as stated above.

40.    Wal-Mart denies the allegations in Paragraph 40.

### RESPONSE TO COUNT V

41.    Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 40 as stated above.

42.    Wal-Mart denies the allegations in Paragraph 42.

43.    Wal-Mart denies the allegations in Paragraph 43.

44.    Wal-Mart denies the allegations in Paragraph 44.

45.    Wal-Mart denies the allegations in Paragraph 45.

46.    Wal-Mart denies the allegations in Paragraph 46.

47.    Wal-Mart denies the allegations in Paragraph 47.

### RESPONSE TO COUNT VI

48.    Wal-Mart incorporates by reference its responses to the allegations in Paragraphs 1 through 47 as stated above.

49.    Wal-Mart denies the allegations in Paragraph 49.

50.    Wal-Mart denies the allegations in Paragraph 50.

51.    Wal-Mart denies the allegations in Paragraph 51.

52.    Wal-Mart denies the allegations in Paragraph 52.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Express fails to state a valid claim upon which relief may be granted.

#### Second Affirmative Defense

Express's claims are barred by the doctrine of waiver.

### Third Affirmative Defense

Express's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Express's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, Wal-Mart prays for judgment, in favor of Wal-Mart and against Express:

    A.    Dismissing Express's Complaint against Wal-Mart in its entirety with prejudice;

    B.    Awarding Wal-Mart its reasonable attorney's fees, costs, and expenses; and

    C.    Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nels T. Lippert
Nels T. Lippert
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
(212) 230-8800
nels.lippert@wilmerhale.com

David S. Molot*
Katherine A. Oyama*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
david.molot@wilmerhale.com
katherine.oyama@wilmerhale.com

*Counsel for Defendant*
*Wal-Mart Stores, Inc.*

Dated: July 15, 2008

---

* Not admitted to the Bar of this Court.