UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EXPRESS, LLC,

               Plaintiff,

     v.

WAL-MART STORES, INC.,

               Defendant.
------------------------------------------------------------x

08 Civ. 4425 (PAC) (DF)

**ECF CASE**

## JOINT RULE 26(f) REPORT

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, and following the conference of their respective counsel of record and the Court on August 5, 2008, plaintiff, EXPRESS, LLC ("Express") and defendant WAL-MART STORES, INC. respectively submit this joint discovery report.

     (A)    The parties propose no change in the timing, form or requirement for disclosures under Rule 26(a).

     (B)    Express will seek discovery regarding (1) Wal-Mart's selection, adoption and use of its EXPRESS FOR LESS trademark, including discovery relating to any searches that were conducted in connection with Wal-Mart's adoption of this mark and Wal-Mart's awareness of Express' EXPRESS trademark; (2) Express will seek to depose those individuals involved and/or knowledgeable of Wal-Mart's decision to adopt this trademark and knowledgeable of Wal-Mart's use of the trademark and plans for future use of the trademark; and (3) Express will seek discovery relating to Wal-Mart's advertising

and sales of merchandise and services in connection with the EXPRESS FOR LESS mark.

Wal-Mart anticipates conducting discovery regarding: (1) the history of the EXPRESS mark, including the selection and adoption of the EXPRESS mark; (2) any surveys or studies Express has conducted with respect to the EXPRESS mark; (3) any prior litigation concerning the EXPRESS mark; (4) any prior litigation in which Express was sued for trademark infringement; (5) use of the EXPRESS mark by third parties; (6) evidence of the fame of the EXPRESS mark; (7) evidence of dilution of the EXPRESS mark; (8) evidence of confusion; (9) evidence concerning Express's marketing channels and consumer base, including the level of sophistication of Express's customers; (10) evidence of the volume of Express's sales, including unit pricing; (11) evidence that Express, LLC owns the rights asserted in this case, and (12) Express's alleged damages.

As set forth in the Court's Scheduling Order issued on August 5, 2008, all fact discovery should be completed by December 1, 2008, and all expert discovery should be completed by January 15, 2009.

(C)   Electronically stored information will be produced or available for inspection in either hard copy or forensically sound native format.

(D)   The parties anticipate no special privilege issues. The parties agree that inadvertent production of any materials will not constitute a waiver of any applicable privilege or protection, and agree to promptly return such inadvertently produced materials upon demand.

(E)   The parties propose no changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's Local Rules.

(F)   The parties intend to lodge a proposed protective order that they will jointly ask the Court to enter.

(G)   Nothing herein shall be construed as a waiver by any party of any right it may have to object to the production of a specific document or specific information.

Dated:   New York, New York
         August 19, 2008

COLUCCI & UMANS

By: *Frank J. Colucci*
Frank J. Colucci (FC 8441)
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Email: fcolucci@colucci-umans.com

*Attorneys for Plaintiff*

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: *Nels T. Lippert*
Nels T. Lippert
399 Park Avenue
New York, New York 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: nels.lippert@wilmerhale.com

*Attorneys for Defendant*

-3-